IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| **DEBBIE DUGAR,**<br>110 Gallatin St, NW, #301<br>Washington, DC  20011<br><br>and<br><br>**DELOIS GILLESPIE,**<br>3643 Sixth Street, SE, #8<br>Washington, DC  20032<br><br><br>Plaintiffs,<br><br>v.<br><br>**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY,**<br>600 Fifth Street, NW<br>Washington, DC  20001<br><br>and<br><br>**JOHNNY G. STINSON, a.k.a. JOHN G. STINSON,**<br>9701 Cheshire Ridge Circle<br>Manassas, VA  20110<br><br>Defendants. | **Case No:** |

## COMPLAINT

### (Personal Injury/ Negligent Auto)

1.   This Honorable Court has jurisdiction by virtue of D.C. Code § 9-1107.01 section 81 and 28 U.S.C. 1446, and by virtue of 28 U.S.C. §1367, in that there exists supplemental jurisdiction over the claim against defendant Stinson.

1

2. Plaintiffs Debbie Dugar and DeLois Gillespie are residents and domiciliaries of the District of Columbia.

3. Defendant Washington Metropolitan Area Transit Authority ["WMATA"] is a municipal corporation created by Interstate Compact between the Commonwealth of Virginia, the state of Maryland, and the District of Columbia, approved by Act of Congress, Pub. L. No. 89-774 (November 6, 1966).

4. Defendant Johnny G. Stinson, a.k.a. John G. Stinson is a resident and domiciliary of the Commonwealth of Virginia.

5. On or about August 2, 2002, at approximately 5:40pm, plaintiffs were passengers on a Metro bus, owned and operated by WMATA, traveling on the 700 block of 11th Street, NW, Washington, DC.

6. At all times relevant to this complaint the Metro bus was being operated by one of WMATA's agents and employees, acting within the scope of her employment.

7. At the above time and place, a vehicle operated by defendant Stinson collided with the Metro bus, resulting in a vehicular collision.

8. The above-described collision occurred due to the negligence of one or both of the defendants. Said acts of negligence included, but are not necessarily limited to failing to stay within a proper lane, reckless driving, speeding, failure to give due time and attention to one's driving, failure to keep a proper lookout, and/or other acts of negligence.

9. As a result of the above described accident, plaintiffs sustained injuries, and will continue to suffer physical and mental injury, pain and suffering. In addition, the plaintiffs have incurred and will continue to incur medical expenses and other economic loss.

**WHEREFORE**, plaintiff Debbie Dugar seeks judgment against defendants, jointly and severally, in the amount of $100,000.00, plus interest and costs, and such other relief as the Court deems appropriate; and plaintiff DeLois Gillespie seeks judgment against defendants, jointly and severally, in the amount of $750,000.00, plus interest and costs, and such other relief as the Court deems appropriate.

Respectfully submitted,

_____
Kenneth M. Trombly, #199547
1050 17th Street, N.W.
Suite 1250
Washington, D.C. 20036
(202) 887-5000

Attorney for Plaintiffs

### JURY DEMAND

Plaintiffs seek a trial by jury on all issues.

_____
Kenneth M. Trombly

3