**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **DEBBIE DUGAR, et al.** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Civil Action No: 05-1500 (HHK)** |
| ) | |
| **WASHINGTON METROPOLITAN AREA** ) | |
| **TRANSIT AUTHORITY, et al.** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## DEFENDANT UNITED STATES OF AMERICA'S  ANSWER TO COMPLAINT

Defendant United States of America[*],  by and through its undersigned attorneys, hereby answer plaintiffs' Complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff Gillespie's claim should be dismissed under Fedaral Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction because she had not exhausted her administrative remedies at that time this lawsuit was filed.  See 28 C.F.R. §14.9(b).

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' recovery in this aciton, if any, is limited to the amounts of the claims that plaintiffs presented administratively.  See 28 U.S.C.  2675(b).

## THIRD AFFIRMATIVE DEFENSE

The injuries and damages alleged in the complaint were not proximately caused by a negligent or wrongful act or omission of an employee of the United States.

---

[*] The United States should be substituted for Johnny G. Stinson as a defendant pursuant to 28 U.S.C. §2679(d).  The requisite Certification by R. Craig Lawrence, Acting Chief of the Civil Division of the United States Attorney's Office for the District of Columbia, is attached.

**FOURTH AFFIRMATIVE DEFENSE**

Any injuries or damages sustained by plaintiffs were sustained without any negligence or fault or want of due care on the part of the United States.

**FIFTH AFFIRMATIVE DEFENSE**

Any injuries or damages sustained by plaintiffs were due in whole or in part of the negligence or other acts of others, known or unknown, over whom the United States exercised no control.

**SIXTH AFFIRMATIVE DEFENSE**

In the event that the United States is found to be negligent, which negligence the United States denies, the negligence and/or culpable conduct of the plaintiffs contributed to causing plaitniffs' alleged injury.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs may not recover costs in excess of those permitted by 28 U.S.C. §24212 and, to the extent attorney's fees are paid out of the judgment, they may only be paid in accordance with 28 U.S.C. §2678.

**EIGHTH AFFIRMATIVE DEFENSE**

The United States is not liable for interest prior to judgment or for punitive or special damages.  28 U.S.C. 2674.

**NINTH AFFIRMATIVE DEFENSE**

To the extent that the common or statutory law of the District of Columbia limits damages or limits the United States's liability or plaintffs' cause of action, that law applies to

2

these causes of action against the United States to the extent that it is not inconsistent with the Federal Tort Claims Act.

## TENTH AFFIRMATIVE DEFENSE

To the extent plaitnffs are entitled to recover damages from the United States in this action, the United States is entitled to a credit or set-off for any past or future benefits paid to or on behalf of or received by plaintiffs, to the extent allowed under federal and state common and statutory law.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to a trial by jury for any claims against the United States. See 28 U.S.C. §§ 1346(b) and 2402.

## TWELFTH DEFENSE

Defendant United States responds to the paragraphs of the complaint that follows.

## COMPLAINT
### (Personal Injury / Negligent Auto)

1.    The allegations in paragraph 1 set forth plaitnffs' allegations regarding jurisdiction, to which no response is required.

2 -3.    Defendant United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 2 and 3.

4.    Denied except admit that Johnny Stinson is a resident of Virginia.

5.    Admitted.

6.    Defendant United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6.

7.    Defendant United States denies the allegations in paragraph 7, except admits that

3

a collision occurred between a vehicle operated by Johnny Stinson and a Metro bus.

8.    Denied as to defendant United States and Mr. Stinson. Defendant United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 as to defendant Washington Metropolitan Area Transit Authority.

9.    Denied.

This unnumbered paragraph sets forth platinffs' prayer for relief, to which no answer is necessary.  To the extent a response is required, defendant United States denies that any relief should be granted against it.

## JURY DEMAND

Plaintiffs are not entitled to a trial by jury for any claims against the United States.  See 28 U.S.C. §§ 1346(b) and 2402.

Defendant United States hereby specifically deny all of the allegations of the Complaint not herein before otherwise answered.

Having fully answered, defendant United States respectfully requests that this action be dismissed with prejudice and that defendant United States be granted its costs and other such relief as this Court deems appropriate.

Respectfully submitted,


_____
KENNETH L. WAINSTEIN, D.C. Bar # 451058
Assistant United States Attorney


_____
R. CRAIG LAWRENCE, D.C. Bar # 171538
Assistant United States Attorney


_____
WYNEVA JOHNSON, DC Bar #278515
Assistant United States Attorney
Judiciary Center Bldg.
555 4th Street, N.W., Civil Division
Washington, D.C. 20530
(202) 514-7224