## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

**DEBBIE DUGAR,** *et al.*                                )
                                                          )
              **Plaintiffs,**                             )
**v.**                                                    )       **Case No.:  05-1500 (HHK)**
                                                          )       **Scheduling Conf.: 5/12/06 @ 10:45 a.m.**
**WASHINGTON METROPOLITAN**                               )
**AREA TRANSIT AUTHORITY,** *et al.*                      )
                                                          )
              **Defendants.**                             )
_____                )

## REPORT OF LOCAL RULE 16.3 CONFERENCE

Pursuant to the rules of this Court, counsel in the above-styled matter communicated through e-mail on April 19,  2006, and submit this report regarding the issues discussed at their LCvR 16.3 Conference.  A proposed Scheduling Order incorporating the parties' report is attached.

### I.      STATEMENT OF THE CASE

This is a common-law personal injury negligence action. On August 2, 2002, at approximately 5:40 p.m., a WMATA bus and a vehicle operated by United States Secret Service employee Johnny Stinson were involved in a collision at the 700 block of 11 Street, N.W., Washington, D.C.  Plaintiffs Debbie Dugar and Delois Gillespie were passengers on the WMATA bus. They claim they sustained permanent personal injuries and other losses as a result of the negligence of both defendants. The United States will be substituted in lieu of Defendant Johnny Stinson, who was acting within the scope of his employment as an employee of the United States at the time of the accident. Defendants each deny that their employees were negligent, and each claims that the accident was caused by the sole negligence of the others'

employee. Defendants further dispute the extent and nature of plaintiffs' alleged injuries and damages, and deny they have sustained any permanent injuries as alleged..

Defendant United States also asserts the following additional defenses: (1) Plaintiff Gillespie's claim should be dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction because she had not exhausted her administrative remedies at that time this lawsuit was filed.  See 28 C.F.R. §14.9(b);  (2) Plaintiffs' recovery in this action, if any, is limited to the amounts of the claims that plaintiffs presented administratively.  See 28 U.S.C. 2675(b);  (3) The injuries and damages alleged in the complaint were not proximately caused by a negligent or wrongful act or omission of an employee of the United States; (4) Any injuries or damages sustained by plaintiffs were sustained without any negligence or  fault or want of due care on the part of the United States; (5) Any injuries or damages sustained by plaintiffs were due in whole or in part of the negligence or other acts of others, known or unknown, over whom the United States exercised no control; (6) In the event that the United States is found to be negligent, which negligence the United States denies, the negligence and/or culpable conduct of the plaintiffs contributed to causing plaintiffs' alleged injuries; (7) Plaintiffs may not recover costs in excess of those permitted by 28 U.S.C.§2412 and, to the extent attorney's fees are paid out of the judgment, they may only be paid in accordance with 28 U.S.C. §2678; (8) The United States is not liable for interest prior to judgment or for punitive or special damages.  28 U.S.C. 2674;  (9) To the extent that the common or statutory law of the District of Columbia limits damages or limits the United States's liability or plaintiffs' cause of action, that law applies to these causes of action against the United States to the extent that it is not inconsistent with the Federal Tort Claims Act; (10) To the extent plaintiffs are entitled to recover damages from the

-2-

United States in this action, the United States is entitled to a credit or set-off for any past or future benefits paid to or on behalf of or received by plaintiffs, to the extent allowed under federal and state common and statutory law; and (11)  Plaintiffs are not entitled to a trial by jury for any claims against the United States.  See 28 U.S.C. §§ 1346(b) and 2402.

As to the defense raised by the United States that Plaintiff Gillespie's claim should be dismissed due to the alleged failure to exhaust administrative remedies, plaintiff responds by noting the dismissal of this claim is not required, and would be inconsistent with judicial economy-in that plaintiff could simply re-file her FTCA claim, the six month administrative period now having lapsed. Alternatively, if defendant, United States, is serious about seeking to administratively resolve Ms. Gillespie's claim, plaintiff and defendant, WMATA, are agreeable to have this litigation stayed for that purpose.

This Court exercises jurisdiction over this matter pursuant to D.C. Code § 9-1107.01, section 81 and 28 U.S.C. 1446, and by virtue of 28 U.S.C. §1367, in that there exists supplemental jurisdiction against the United States.

## II.    RULE 16.3 REPORT

1.    <u>Status of Dispositive Motions</u>.  The parties do not believe that this personal injury action is likely to be  resolved by dispositive motion following discovery.

2.    <u>Amended Pleadings</u>: The parties do not anticipate that it will be necessary to join third parties or amend the pleadings.

3.    <u>Assignment to Magistrate Judge</u>: The parties do not consent to assignment of a magistrate judge for trial.

-3-

4.    <u>Settlement Possibility</u>: The parties believe that mediation may prove beneficial in settlement of this matter; however, the parties believe that mediation should be conducted only after completion of all discovery.

5.    <u>Alternative Dispute Procedures</u>: The parties believe that alternative dispute resolution in the form of mediation may be beneficial in this matter; however, the parties believe that mediation will only be fruitful after completion of all discovery.

6.    <u>Dispositive Motions</u>:  The parties believe that any dispositive motions should be filed within 30 days after close of discovery and that any oppositions and replies should be filed in accordance with LCvR 7 (b) and (d).

7.    <u>Initial Disclosures</u>: The parties agree to waive initial disclosures as required by Federal Rule of Civil Procedure 26(a)(1).

8.    <u>Discovery</u>.  The parties request 150 days for completion of  discovery. The parties request the limits of 25 interrogatories and 10 depositions per side as set forth in the Federal Rules 30 and 33.

9.    <u>Experts</u>: The parties agree that the requirements of Fed. R. Civ. P. 26(a)(2) should not be modified.  Plaintiffs agree to name her experts and provide the Expert Report(s) within ninety (90) days following the initial scheduling conference, and the Defendant agrees to name its experts and provide the Expert Report(s) sixty-days (60) days thereafter.

10.    <u>Class Action Procedures</u>: Not applicable.

11.    <u>Bifurcation of Discovery or Trial</u>: At this time, the parties do not believe that bifurcation of this matter is necessary.

-4-

12.    <u>Proposed Date for the Pretrial Conference</u>: The parties believe that the pretrial conference should not be scheduled until completion of discovery and any court ordered mediation.

13.    <u>Trial Date</u>: The parties believe that a trial date should not be scheduled until after completion of discovery, and after completion of any court ordered mediation.

Respectfully submitted,

_____
Kenneth M. Trombly, #199547
1050 17th Street, N.W., Suite 1250
Washington, D.C. 20036
(202) 887-5000
Counsel for Plaintiff


_____
Fredric H. Schuster, Esq., # 385326
Washington Metro Area Transit Authority
600 Fifth Street, N.W.
Washington, D.C. 20001
(202) 962-2560
Counsel for Defendant WMATA


_____
Kenneth L. Wainstein, # 451058
Assistant United States Attorney

_____
Rudolph Contreras, # 434122
Assistant United States Attorney

_____
Wyneva Johnson, #278515
Assistant United States Attorney

Judiciary Center Bldg.
555 4th Street, N.W., Civil Division
Washington, D.C. 20530
(202)-514-7224
Counsel for Defendant United States

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

**DEBBIE DUGAR, *et al.***         )

                       )

       **Plaintiff,**        )

**v.**                     )     **Case No. 1:05CV1500 (HHK)**

                       )

**WASHINGTON METROPOLITAN**   )

**AREA TRANSIT AUTHORITY, *et al.***  )

                       )

      **Defendants.**      )

_____)

## INITIAL SCHEDULING ORDER

UPON CONSIDERATION of the Report of Local Rule 16.3 Conference and the entire record herein, it this _____ day of _____, 2006 hereby

ORDERED that discovery shall be completed within 150 days from the date of the initial scheduling conference in this matter, and it is further;

ORDERED that any dispositive motions shall be filed no later than 30 days after the close of discovery, and any oppositions and replies thereto shall be filed in accordance with LCvR's 7 (b) and 7 (d); and it is further

ORDERED that Plaintiffs shall provide their expert reports within 90 days from the initial scheduling conference, and Defendants shall provide its expert reports 60 days thereafter.

Date_____           _____

                             HENRY H. KENNEDY

                             United States District Judge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **DEBBIE DUGAR, et al.** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **Case No. 1:05CV1500 (HHK)** |
| | ) | |
| **WASHINGTON METROPOLITAN** | ) | |
| **AREA TRANSIT AUTHORITY, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## STIPULATION REGARDING INITIAL DISCLOSURES

In accordance with Local Rule 16.3, the parties hereby agree to waive the initial

disclosures as required by Federal Rule of Civil Procedure 26(a)(1).

Respectfully submitted,

_____

Kenneth M. Trombly, # 199547
1050 17th St., N.W., Suite 1250
Washington, D.C. 20036
(202)-887-5000
Counsel for Plaintiffs

_____

Fredric H. Schuster, # 385326
Washington Metro Area Transit Authority
600 Fifth Street, N.W.
Washington, D.C. 20001
(202) 962-2560
Counsel for Defendant WMATA

_____
Kenneth L. Wainsten, # 451058
Assistant United States Attorney


_____
Rudolph Contreras # 434122
Assistant United States Attorney


_____
Wyneva Johnson, #278515
Assistant U.S. Attorney
Judiciary Center Bldg.
555 4th Street, N.W., Civil Division
Washington, D.C. 20530
 (202)-514-7224
 Counsel for Defendant United States