UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEBBIE DUGAR, et al<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>WASHINGTON METROPOLITAN<br>AREA TRANSIT AUTHORITY, et al<br><br>　　　　　Defendants. | :<br>:<br>:<br>:<br>:  Case No.: 1: 05 CV 01500<br>:  Judge Kennedy<br>:<br>:<br>:<br>:<br>:<br>: |

## JOINT PRETRIAL STATEMENT

**(1) Parties and Counsel**

*Delois Gillespie & Debbie Dugar*; Kenneth M. Trombly, 1050 17th Street, NW Washington, DC 20036.

*United States of America*; Assistant United States Attorney Wyneva Johnson and Special Assistant United States Attorney Jonathan C. Brumer, 555 4th Street, NW, Washington, D.C. 20530.

**(2) Nature of the case**

On August 2, 2002, plaintiffs were passengers on a Metrobus that was struck by an automobile owned by the U.S. Secret Service and operated by one of its employees, a Mr. Johnny Stinson. Defendant United States has conceded liability.

As a result of the accident, Delois Gillespie was thrown into the pole adjacent to where she was seated, fracturing her right collar bone. She contends that she has sustained injuries that have altered her ability to work full time at her prior job, resulting in a claim for future economic

1

losses. Plaintiff Debbie Dugar sustained soft tissue injuries, for which she has sought medical care.

**(3) Claims and/or defenses**

*Plaintiff's claims*

a. As a result of the above described negligence, plaintiffs Gillespie and Dugar have sustained bodily injury.

b. Ms Gillespie's injuries are serious and of a permanent nature.

c. Ms. Gillespie's fractured right collarbone resulted in a shortening of that bone, with resulting restrictions to the right shoulder, as well as other symptoms and complaints of a permanent nature.

d. As a result of her injuries, Ms Gillespie was forced to abandon her previous employment, performing renovations and repairs of apartment units, which was physically demanding, and which she is now incapable of performing.

e. As a result of her injuries, Ms Gillespie can only work limited hours at light duty.

f. Other than the kind of menial light duty work that she now performs, Ms Gillespie is otherwise incapable of returning to her prior employment or to a comparable position.

g. In addition to her physical injury and accompanying medical bills, Ms. Gillespie has suffered the loss of future wages and other benefits as a result of her permanent injury.

n. As a result of her bodily injuries, Debbie Dugar has incurred medical expenses and lost wages.

*Defendant's defenses*

Defendant United States of America denies that plaintiffs sustained any permanent injuries resulting from the vehicle accident on August 2, 2002. In particular, defendant United States of

America notes that Plaintiff's own referred physician, preeminent fracture surgeon Dr. Robert J. Brumback, noted on March 30, 2004 that Plaintiff Delois Gillespie's range of shoulder motion was normal, that she had obtained an excellent clinical result, and that her neurovascular status was intact. He interpreted x-rays as revealing a clavicle fracture to be "unquestionably united with the standard deformity of the proximal fragment upriding". Dr. Brumbeck concluded that Plaintiff Gillespie was capable of returning to full duty with no restrictions.

**(4) Undisputed Issues/Stipulations**

Liability of the United States of America is undisputed. Defendant disputes the extent of damages claimed.

**(5) Witness Schedule** (experts are designated with an asterisk)

*Plaintiff:*

1. Frederic Salter, M.D.*
   2600 Virginia Avenue, NW # 604
   Washington, DC 20037

   Dr. Salter is a board-certified orthopedic surgeon who has treated Ms. Gillespie. He is expected to testify as to her having sustained permanent injury, the mechanism of injury, proximate cause, disability, and related issues, as a result of the August 2, 2002 incident. Significantly, he will testify in part that Ms. Gillespie has sustained a condition known as clavicular shortening, as a direct result of the accident of August 2002. Dr. Salter is expected to testify that the clavicular shortening also restricts plaintiff's range of motion in her shoulder, with resulting discomfort, and is a permanent condition. Moreover, this condition has affected and will continue to affect Ms. Gillespie in connection with her daily activities and severely limits her ability to work.

Dr. Salter's direct testimony is expected to take approximately one hour.

2. **Phillip Bussey***
   **9500 Annapolis Road**
   **Lanham, MD 20706**
   301-459-0700

A vocational rehabilitation expert, Dr. Bussey will testify regarding Ms. Gillespie's prospects for employment in light of the restrictions caused by her injury- in light of her education, work experience, and other factors.

Dr. Bussey's direct testimony is expected to take one hour.

3. **Richard Edelman, Ph.D.***
   **8515 Whittier Boulevard**
   **Bethesda, MD 20817**
   301-469-9575

Dr. Edelman will testify as to the economic losses of Ms. Gillespie. His direct testimony is expected to take 45 minutes.

4. **Delois Gillespie**
   **2403 Southern Avenue, #301**
   **Temple Hills, MD 20748**
   301-894-1652

Ms. Gillespie is a plaintiff. Her direct testimony is expected to take one hour.

5. **Debbie Dugar**
   **110 Gallatin Street, NW**
   **Apt 301**
   **Washington, DC 2001**
   202-652-5037

Ms. Dugar is a plaintiff. Her direct testimony is expected to take 45 minutes.

6. **Lester Craft**
   **110 Gallatin Street, NW**
   **Apt 301**
   **Washington, DC 20011**
   202-316-6879

Ms. Craft is a damages witness for Ms. Dugar. Her direct testimony is expected to take 20 minutes.

7.   **Darlene Dugar**
     803 R Street, NW
     Washington, DC
     202-234-1074

Ms. Dugar is a damages witness for Ms. Dugar. Her direct testimony is expected to take 20 minutes.

8.   **James Gillespie**
     807 R Street, NW
     Washington, DC 20036

Mr. Gillespie is a damages witness for Ms. Gillespie. His direct testimony is expected to take 30 minutes.

9.   **Barbara Douglas, M.D.***
     2106 Rhode Island Avenue, NE
     Washington, DC

Dr. Douglas is a treating doctor who has treated Ms. Dugar. She is expected to testify regarding proximate cause, mechanism, of injury, extent of injury, prognosis and related issues. Her direct testimony is expected to take 45 minutes.

10.  **John Gillespie**
     2403 Southern Avenue, #301
     Temple Hills, MD 20748
     202-442-7001

Mr. Gillespie a damages witness for Ms. Gillespie. His direct testimony is expected to take 30 minutes.

11.  **Renarta Lawson**
     3116 Dade Drive

        **Oxon Hill, MD 20745**

Ms. Lawson is a damages witness for Ms. Gillespie. Her direct testimony is expected to take 30 minutes.

*Defendant:*

1.     **Richard H. Conant, M.D.***
   **Orthopaedic Surgeon**
   **5530 Wisconsin Avenue**
   **Suite 1660**
   **Chevy Chase, Maryland 20815-4430**

### A. Plaintiff Delois Gillespie

Dr. Conant will testify that as a result of the Metro bus incident of August 2, 2002, Ms. Gillespie sustained a fracture of her right clavicle that healed with no resultant permanent impairment of function. He will further testify that it is his opinion that any mild associated soft tissue involvement of her neck and upper back, resolved with no objective evidence of permanent impairment of function. He will also testify that in his opinion by March 8, 2004 if not sooner, Ms. Gillespie was capable of performing full occupational duties with no restrictions. He will further testify that it is his opinion Plaintiff Gillespie's expanding constellation of subjective complaints has not only been disproportionate to objective electrodiagnostic and MRI findings, but her current examination findings suggest symptom magnification.

### B. Plaintiff Debbie Dugar

Dr. Conant will testify that to the extent that Ms. Dugar sustained any injuries to her neck and left knee, they were, at most, of an extremely mild soft tissue nature. Dr. Conant will further testify that Ms. Dugar reached a maximum medical benefit from active therapuetic

intervention by August 9, 2002, and that she recovered with no permanent impairment of function or any need for future treatment regarding this reported incident.

Dr. Conant's direct testimony is expected to take three hours.

> 2. **Thomas D. Walsh\* Ph.D**
> **Economist**
> **1530 Wilson Blvd., Suite 250**
> **Arlington, Virginia 22209**

Mr. Walsh will provide an opinion as to plaintiff Gillespie's alleged loss of earnings.

Mr. Walsh's direct testimony is expected to take approximately one hour.

> 3. **Kathleen F. Sampeck\***
> **Vocational Rehabilitation Consultant**
> **2121 Eisenhower Avenue, Suite 200**
> **Alexandria, Virginia 22314**

Ms. Sampeck completed a vocational assessment of Ms. Delois Gillespie. She will provide an opinion regarding Ms. Gillespie's employment and earning capacity.

Ms. Sampeck's direct testimony is expected to take one hour.

> 4. **Custodian of medical records**
> **Phillips, Green, Salter and Meyer**
> **2600 Virginia Avenue, NW**
> **Washington, DC**
> (if necessary to authenticate medical records)

Each party reserves the right to call any witnesses listed by the other.

**(6)** *Exhibit List*

*Plaintiff*

a. Photographs of interior of Metrobus and of plaintiff

b. Medical bills of Delois Gillespie

c. X-rays and diagnostic films of Delois Gillespie

d. Pay stubs of Delois Gillespie

e. Tax forms of Delois Gillespie

f. Medical bills of Debbie Dugar


*Defendant*

a. Demonstrative Exhibits

b. Reports of: Richard H. Conant, M.D., Thomas D. Walsh and Kathleen F. Sampeck. **(Plaintiff objects on hearsay grounds)**

c. Visual Aids, including anatomical models, x-rays and imaging devices.

**d.** Medical records of Delois Gillispie. **(Plaintiff objects on hearsay grounds)**

e. Medical records of Debbie Dugar **(Plaintiff objects on hearsay grounds)**

Each party reserves the right to introduce any exhibits listed by the other.

### (7) Designations of depositions

None are anticipated, except for the purposes of impeachment.

### (8) Relief Sought

*Plaintiff*

Plaintiffs each seek judgment for all economic and non-economic losses.

**Itemization of damages**

*Gillespie*

| | | |
|---|---|---|
| D.C. Fire & EMS | $ | 207.00 |
| Washington Hospital Center | $ | 656.52 |
| EMC Emergency Physicians | $ | 226.00 |
| Phillips & Green, M.D. | $ | 12,118.50 |
| Holy Cross Hosp. | $ | 323.44 |
| Diagnostic Medical Imaging | $ | 348.00 |

8

| | | |
|---|---|---|
| Robert J. Brumback, M.D. | $ | 579.00 |
| Accessible MRI of Mont. County | $ | 1,000.00 |
| Bioelectron, Inc. | $ | 4,470.00 |
| Health South Diagnostic Center | $ | 631.00 |
| **Total Medical Expenses** | $ | 19,794.86 |
| Lost Earnings | $ | 319,697.00 |
| **Total Special Damages** | $ | **339,949.86** |

*Dugar*

| | | |
|---|---|---|
| D.C. Fire & EMS | $ | 207.00 |
| James M. Weiss, MD | $ | 411.00 |
| EMC Emergency Physicians | $ | 181.00 |
| Washington Hospital Center | $ | 749.00 |
| Julie Altshuler, PT | $ | 426.00 |
| Barbara G. Douglas, MD | $ | 108.00 |
| **Total Medical Expenses** | $ | 2,082.00 |
| Lost Wages | $ | 3,174.40 |
| **Total Damages** | $ | **5,256.40** |

*Defendant*

**Plaintiff Gillespie:**

Defendant United States of America submits that Plaintiff Gillespie is not entitled to any damages for medical expenses beyond March 30, 2004 and that she is not entitled to any loss of earnings beyond $42, 371.00 without taxes being withheld.

**Plaintiff Dugar:**

Defendant United States of America submits that Plaintiff Dugar is not entitled to medical expenses beyond August 9, 2002 and she is not entitled to any damages for loss of earnings.

**(9) Pending Motions**

None

9

**(10) Trial Brief**

N/A

**(11) Motion in Limine**

N/A

**(12) Demonstrative Evidence**

Plaintiff intends to use plaintiff's x-rays or other diagnostic films.

**(13) Jury Cases**

N/A

**(14) Non-Jury Cases**

Findings of fact and conclusions of law to be submitted by the parties.

**(15) Estimated Length of Trial**

Two to three days.

**(16) Miscellaneous Matters**

N/A.

Respectfully submitted,

| | |
|---|---|
| _____/s/ Kenneth Trombly_____<br>Kenneth M. Trombly, #199547<br>1050 17th Street, N.W.<br>Suite 1250<br>Washington, D.C. 20036<br>(202) 887-5000<br><br>Attorney for Plaintiffs | ___/s/ Jeffrey A. Taylor___<br>JEFFREY A. TAYLOR, D.C. BAR # 498610<br>United States Attorney<br><br>___/s/ Rudolph Contreras___<br>RUDOLPH CONTRERAS, D.C. BAR #434122<br>Assistant United States Attorney |

/s/ Wyneva Johnson
WYNEVA JOHNSON, D.C. BAR # 278515
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7224

Attorneys for Defendant